# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **STUART ANCELET** | **CASE NO.  6:23-CV-00054** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **TRILOGY MEDWASTE INC** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## <u>MEMORANDUM ORDER</u>

Before the Court is the Motion for Protective Order and to Strike Testimony filed on behalf of Defendant, Trilogy MedWaste Inc. (Rec. Doc. 20). Plaintiff opposed the motion and filed a counter Motion to Compel Defendant's Testimony (Rec. Doc. 23). Trilogy filed an opposition to Plaintiff's Motion. (Rec. Doc. 26).

Plaintiff filed this suit in state court against Trilogy, his former employer, for breach of contract after his termination. (Rec. Doc. 1-1). Plaintiff alleges that Trilogy, a national medical waste disposal company, purchased Plaintiff's medical disposal company, MedGreen, LLC, and hired Plaintiff to be the facility's operation's manager. Plaintiff and Trilogy entered a one-year employment agreement on December 1, 2021 (Rec. Doc. 1-1); however, Trilogy terminated Plaintiff on July 20, 2022 (Rec. Doc. 20-3). Plaintiff seeks severance pay and wages; Trilogy maintains Plaintiff was terminated for cause.

Plaintiff deposed Trilogy's Regional Vice President and Plaintiff's supervisor, John Earnhardt. Trilogy objected to Plaintiff's counsel's questions regarding Mr. Earnhardt's salary and the company's plans for future acquisitions. The deposition was suspended as to this line of questions. Trilogy now seeks an order from the Court striking Mr. Earnhardt's answer to the question of his salary (answered before Trilogy's counsel could object) and protecting Trilogy from disclosure of information pertaining to its plans for future business operations, including plans for mergers and acquisitions. (Earnhardt deposition at Rec. Doc. 20-2).

Plaintiff filed a counter motion to compel Mr. Earnhardt to respond. Plaintiff argues that information pertaining to Trilogy's financial situation is relevant to the reason for his termination. Plaintiff contends Trilogy actually fired him because of the company's alleged unwillingness to continue to pay his high salary. In support of his position, Plaintiff submits evidence which he contends suggests Trilogy's financial woes, including that Trilogy requested an extension to pay its promissory note to MedGreen (Rec. Doc. 23-2).

The scope of permissible discovery is a well-established concept:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

F.R.C.P. Rule 26(b)(1).

Ordinarily, objections during a deposition should be noted on the record, but the examination still proceeds. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3). Fed. R. Civ. P. 30(c)(2). A deponent or party may move to terminate or limit a deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. Rule 30(c)(3)(A). The court may also terminate or limit a deposition pursuant to a protective order, as authorized by Rule 26(c), which generally authorizes the court to prohibit disclosure or discovery upon the showing of good cause. Rule 30(c)(3)(B). Also pertinent to this case is Rule 26(c)(1)(G), which authorizes the court to issue a protective order requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

## I.   <u>Mr. Earnhardt's Salary</u>

Trilogy seeks to strike Mr. Earnhardt's pre-objection deposition testimony stating his salary as irrelevant to Plaintiff's claims. Although the Court struggles to see the relevance of Mr. Earnhardt's salary to Plaintiff's claims, relevancy is not an appropriate objection to limit or terminate deposition testimony. See discussion in *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 591, fn. 7 (S.D. Tex. 2011).

Plaintiff argues that Mr. Earnhardt's answer cannot be stricken, because he answered before Trilogy's counsel could object; however, objections to relevance need not be contemporaneous. F.R.C.P. Rule 32(d)(3)(A); *Hebert v. Prime Ins. Co.,* 459 F. Supp. 3d 766, 771 (W.D. La. 2020) ("[T]here is no requirement that a party preserve its substantive objections during the deposition[.]")

Irrespective of relevance and the timing of Trilogy's counsel's objection, the bell has been rung—Mr. Earnhardt has already disclosed his salary. The Court is not aware of any authority for striking the testimony; although, the Court is sympathetic to Mr. Earnhardt's privacy concerns. Hence, the Court shall order that his salary be redacted from any documents in the record (specifically, Rec. Doc. 23-4, p. 12, line 1-3 shall be redacted). To the extent Trilogy seeks to limit or exclude Mr. Earnhardt's trial testimony on his salary, it may file an appropriate motion in limine in due course.

## II.    <u>Trilogy's Business Plans</u>

Trilogy next seeks to prevent disclosure of its future business plans, which is commercial information subject to limitation even during a deposition. Trilogy did not object to Plaintiff's counsel's questions regarding Trilogy's past acquisitions, but he did object to Mr. Earnhardt testifying regarding Trilogy's future acquisitions and specifically the following question:

Q    Okay. And for 2024, do you plan on increasing the acquisitions?

4

(Rec. Doc. 23-4, p. 15-16).

The Court agrees that information regarding a company's trade secrets and business strategy is protectable, particularly in this case where Plaintiff and Trilogy are potentially current and/or future competitors; however, the Court does not find that the specific question asked seeks such valuable information. Merely asking whether a company intends to grow does not warrant protection. Further, as discussed above, objections to relevance are not resolvable at this stage. These things considered, the Court agrees that a protective order regarding Trilogy's trade secrets, business strategy, and other protectable commercial information is warranted. Indeed, Plaintiff's counsel agreed to refrain from seeking specific information pertaining to acquisitions and business strategies and to enter an agreement for a protective order.

Accordingly,

IT IS ORDERED that Trilogy MedWaste Inc.'s Motion for Protective Order and to Strike Testimony (Rec. Doc. 20-1) is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED insofar as Trilogy seeks an order prohibiting Mr. Earnhardt or any other Trilogy representative from testifying regarding specific information regarding Trilogy's future mergers, acquisitions, or business plans. The parties shall submit a joint proposed protective order to the Court consistent with this ruling. Trilogy's motion is denied in all other respects.

5

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Defendant's Testimony and Plaintiff's request for attorney's fees (Rec. Doc. 23) are DENIED.

IT IS FURTHER ORDERED that any document filed into the record shall redact all personal information, including salary information.

IT IS FURTHER ORDERED that the Clerk of Court shall redact the salary information at Rec. Doc. 23-4, p. 12, line 1-3.

THUS DONE in Chambers, Lafayette, Louisiana on this 26th day of January, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE